UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

NICOLAS FELIX,

          Plaintiff,

      - against -

CHASE BANK,

          Defendant.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

18-CV-4442 (AMD) (SJB)

**ANN M. DONNELLY,** District Judge.

On August 3, 2018, the *pro se* plaintiff brought this action alleging that the defendant incorrectly reported a debt of the plaintiff's employer as the plaintiff's personal debt, which had a negative effect on the plaintiff's credit. On October 18, 2018, the defendant moved to dismiss the complaint, claiming that the complaint fails to identify or state a claim to relief. For the reasons set forth below, the defendant's motion to dismiss is granted. However, the plaintiff is granted leave to file an amended complaint.

## BACKGROUND[1]

The plaintiff is a pastor at the Miracle Center International Church in Brooklyn, New York. (ECF No. 1 at 7.) Since 2014, the Church had a checking account, savings account, and credit card with the defendant, Chase Bank. (*Id.*) The plaintiff also had personal accounts with the defendant. (*Id.*)

The Church had been struggling financially and was unable to pay its credit card debt; the plaintiff did not owe the debt. (*Id.*) In May of 2018, Chase Bank closed both the Church's accounts and the plaintiff's personal accounts. (*Id.*) The plaintiff alleges that Chase Bank closed his personal account

---

[1] All factual references are allegations from the plaintiff's complaint, and are accepted as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"without any reason" and "report[ed] the church credit card on [the plaintiff's] personal credit report."
(*Id.*)

In July of 2018, the plaintiff received a notice from "Experian credit report" saying that he had a negative credit report. (*Id.*) His credit score dropped from 790 to 623. (*Id.*)

The plaintiff filed this action on August 3, 2018, demanding one million dollars from the defendant "for destroying [his] life and credit report and negative account that is not [his] personal credit on [his] credit report and refusing to take it out." (*Id.* at 8.)

## DISCUSSION

### I. Legal Standard

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 simply requires the plaintiff to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks and citation omitted). A court may dismiss a complaint that "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

While *pro se* pleadings are to be construed liberally, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, No. 18-CV-1599, 2019 WL 637975, at *2 (2d Cir. Feb. 15, 2019) (summary order) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

## II.   Application

The complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure.  The plaintiff cites no law in the complaint, and does not set forth any legal theory under which the plaintiff is entitled to relief.  *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) ("fair notice" is "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  The plaintiff merely alleges that Chase Bank closed his personal account "without any reason" and "report[ed] the church credit card on [his] personal credit report."  This is insufficient to state a claim to relief that is plausible on its face.  *See Twombly*, 550 U.S. 544 at 570.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint is granted.  The plaintiff is granted leave to file an amended complaint within 30 days from the date of this Order.  If the plaintiff does not file an amended complaint within the time allowed, this case will be closed.  The plaintiff is encouraged to contact the City Bar Justice Center Federal Pro Se Legal Assistance Project at (212) 382-4729 for limited legal assistance.

3

**SO ORDERED.**

s/Ann M. Donnelly
_____
The Honorable Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
     May 3, 2019